**Donald GARCIA, Petitioner—Appellant,**

v.

**Robert MOORE, Respondent—Appellee.**

No. 02–35233.

D.C. No. CV–01–00152–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 14, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Nancy L. Talner, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Olympia, WA, for Respondent–Appellee.

Before NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Donald Garcia appeals the district court's judgment and order denying his habeas corpus petition under 28 U.S.C. § 2254(d)(1). He argues that his sentence of life imprisonment without parole imposed pursuant to Washington's Persistent Offender Accountability Act ("POAA") is unconstitutional. Wash. Rev.Code §§ 9.94A.555, 9.94A.570.

Because the state court decision denying Garcia's claim was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court, the district court properly denied Garcia's habeus corpus petition. The state court conducted an adequate proportionality analysis in determining that Garcia's sentence was constitutional under the Eighth Amendment. The Washington state constitution's prohibition of cruel and unusual punishment is more protective than the Eighth Amendment's, as state courts are required to conduct a proportionality analysis which examines the nature of the offense, the legislative purpose behind the statute and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the length of the defendant's sentence compared to sentences imposed for similar crimes both in Washington and in other jurisdictions. *State v. Rivers*, 129 Wash.2d 697, 713, 921 P.2d 495 (Wash.1996). In finding that Garcia's sentence was not unconstitutional, the state court did not "appl[y] a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Rather, the state court applied a standard that would have given Garcia more protection than he would have received under federal law and still found that his sentence was not grossly disproportionate. Thus, Garcia is not entitled to relief.

 Garcia's challenge to his sentence on the basis that it is cruel and unusual because none of his felonies involved weapons or resulted in serious injury also fails. As the district court noted, Garcia's triggering offense of attempted first degree robbery is considered a violent offense, as is second degree assault, one of his predicate offenses. While Garcia's previous felonies did not involve weapons, his predicate crimes are all felonies and are considered "most serious offenses" under Washington law. Wash. Rev.Code § 9.94A.030. In holding that Garcia's sentence was constitutional, the district court relied upon Supreme Court precedent which has held that a life sentence without parole which is triggered by a serious felony is not grossly disproportionate. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (upholding a sentence of life without parole for a first time offender convicted of possessing 672 grams of cocaine). As no constitutional violation occurred, the district court correctly denied Garcia's habeus petition.

■ Finally, we lack grounds to overturn the state court's ruling that the POAA is facially valid. The state court reasonably relied upon the Washington Supreme Court's holding that a sentence of life imprisonment without parole imposed under the POAA is constitutional. *See State v. Thorne*, 129 Wash.2d 736, 921 P.2d 514 (Wash.1996). As discussed above, the state court, performing a more thorough proportionality analysis than the federal constitution requires, found that Garcia's sentence was not grossly disproportionate under the POAA. Although the state court's decision was handed down before the Supreme Court's recent rulings in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), these recent decisions upholding sentences of 25 years to life in prison under California's recidivist sentencing statute demonstrate that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. As the Washington legislature may constitutionally impose life sentences for recidivist offenders with serious criminal histories, Garcia's facial challenge to the POAA is without merit.

**AFFIRMED.**